UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENELLE SMAGALA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| Vs. | ) | CASE NO.: |
| | ) | |
| PARK HOTELS & RESORTS, | ) | |
| INC. d/b/a EMBASSY SUITES | ) | |
| BY HILTON INDIANAPOLIS | ) | |
| DOWNTOWN. | ) | |
|     Defendant. | ) | |

**NOTICE OF REMOVAL**

Comes now, Defendant, Embassy Suites Management, LLC incorrectly sued as "Park Hotels & Resorts d/b/a Embassy Suits by Hilton Indianapolis Downtown," by counsel, Edward W. Hearn of Johnson & Bell P.C., pursuant to Title 28 U.S.C. §§ 1332, 1441, and 1446, and hereby files its Notice of Removal of the cause entitled Jenelle Smagala v. Park Hotels & Resorts, Inc., d/b/a Embassy Suites by Hilton Indianapolis Downtown, filed in the Marion Superior Court, Indianapolis, Indiana, under cause number 49D02-1708-CT-032188.    As grounds for removal, Defendant states as follows:

1.  Plaintiff commenced this action against the above-referenced Defendant on August 22, 2017, by filing a Complaint in the Marion Superior Court of Marion County, Indiana.  A true and correct copy of the Complaint is attached hereto and made part of this Notice of Removal as "Exhibit A."

2.  On September 27, 2017, Defendant ascertained the case is one which is or has become removable when the Plaintiff refused to respond to the Defendants request to stipulate that damages would not exceed seventy-five thousand dollars ($75,000.00) and this notice is filed within thirty (30) days of the deadline the Defendant provided for Plaintiff to respond to the

stipulation.

3.   Defendant, Embassy Suites Management, LLC incorrectly sued as "Park Hotels & Resorts d/b/a Embassy Suits by Hilton Indianapolis Downtown," is a Delaware limited liability company with a principle place of business in Virginia.  Embassy Suites Management, LLC's sole member is Hilton Domestic Operating Company Inc., with a state of incorporation in Delaware, and the principal place of business in McLean, Virginia.

4.   Park Hotels & Resorts, Inc., state of incorporation is Delaware, and the principal place of business is McClean, Virginia.

5.   The Plaintiff, Jenelle Smagala, is a citizen of the State of Indiana.

6.   Since the Plaintiff and Defendants, are "citizens" of different states, there is complete diversity of citizenship between the Plaintiff, Jenelle Smagala, and the Defendants, Embassy Suites Management, LLC, and Park Hotel & Resorts, Inc., pursuant to 28 U.S.C. Section 1332(a).

7.   In an effort to determine the amount in controversy on September 12, 2017, the Defendants served Plaintiff's counsel with a request for stipulation that the amount in controversy was less than seventy-five thousand dollars ($75,000.00).  Defendants further indicated that if the stipulation was not signed by September 26, 2017, Defendant would seek to remove the case to Federal Court.  The Plaintiff's counsel never responded to the Defendants request for stipulation.

8.   The Seventh Circuit has held that if a plaintiff really wants to prevent removal, she should stipulate to damages not exceeding the $75,000 jurisdictional limit. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).  Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints. *Id.* A stipulation will have the same effect

as a statute that limits a plaintiff to the recovery sought in the complaint. *Id*. The Seventh Circuit determined in *Oshana*, that the plaintiff's failure to admit that her recovery would not exceed $75,000 raised the reasonable inference that it would. *Id.*

9.   Although the Defendants deny the material allegations of the Plaintiff's Complaint, based upon information and the Plaintiff's refusal to enter into a stipulation limiting her damages to less than $75,000.00, there is a reasonable probability that the amount in controversy exceeds the seventy-five thousand dollars ($75,000.00) jurisdictional amount, exclusive of interests and costs.

10. This Court has original jurisdiction over the underlying state court case pursuant to the provisions of 28 U.S.C. Section 1332.  This action may be removed pursuant to the provisions of 28 U.S.C. Section 1441 and Section 1446 because the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and is between citizens of different states.

11. Defendant, Embassy Suites Management, LLC, has filed this Notice for Removal within thirty (30) days of Plaintiff's non-response to the Defendants request to stipulate to the amount in controversy.

12. Upon filing this Notice for Removal, the Defendant will give written notice of the filing of this Notice for Removal to all attorneys of record and the Clerk of the Marion County Superior Court.

13. The Defendant demands a trial by jury on all issues triable by jury.

Respectfully submitted,

JOHNSON & BELL, P.C.

By:    s/ Edward W. Hearn
       Edward W. Hearn, #18691-64

3

11051 Broadway, Ste. B
Crown Point, IN 46307
(219) 791-1900

### CERTIFICATE OF SERVICE

I certify that on the 11th day of October 2017, service of a true and complete copy of the above foregoing pleading or paper was made upon each party or attorney of record herein by email or by depositing the same in the United States mail in envelopes properly addressed to each of them and with sufficient first-class postage affixed.

_____ /s/ Edward W. Hearn _____